1 | McGREGOR W. SCOTT
United States Attorney
2 | KEVIN P. ROONEY
Assistant U.S. Attorney
3 | 4000 Federal Building
2500 Tulare Street
Fresno, California 93721
4 | Telephone:  (559) 497-4000

5

IN THE UNITED STATES DISTRICT COURT FOR THE

6

EASTERN DISTRICT OF CALIFORNIA

7

8 | UNITED STATES OF AMERICA,       )   CR. F. NO. 07-074 LJO
                                )
9 |                  Plaintiff,   )   MEMORANDUM OF PLEA
                                )   AGREEMENT PURSUANT TO
10 |         v.                    )   RULE 11(e) OF THE
                                )   FEDERAL RULES OF
11 | JUAN NAVARRO,                  )   CRIMINAL PROCEDURE
                                )
                                )
12 |                  Defendant.   )   DATE: October    , 2007
                                )   TIME: 9:00 a.m.
13 |                                )   PLACE: Courtroom Two
   | _____ )   Hon. LAWRENCE J. O'NEILL

14

15 |         Pursuant to Rule 11(e) of the Federal Rules of Criminal

16 | Procedure, the United States of America, by and through McGregor

17 | W. Scott, the United States Attorney for the Eastern District of

18 | California, and Assistant United States Attorney Kevin P. Rooney,

19 | and defendant Juan Navarro and his attorney, Michael Idiart,

20 | agree as follows:

21

22

23

24

25

1

1.   Charges.

(a) The defendant acknowledges that he has been charged by Superseding Indictment as follows:

Count One: Conspiracy to distribute and possess with the intent to distribute cocaine and cocaine base/crack. It is further alleged that this offense involved fifty (50) grams or more of a mixture or substance containing cocaine base/crack.

Count Two: Distribution of a controlled substance, cocaine base/crack.  It is further alleged that this offense involved five (5) grams or more of a mixture or substance containing cocaine base/crack.

Count Three: Possession of a controlled substance, methamphetamine, with the intent to distribute.

2.   Nature, Elements and Possible Defenses.

The defendant has read the charges against him contained in the Superseding Indictment in this case, and the charges have been fully explained to him by his attorney.  Further, the defendant fully understands the nature and elements of the crimes with which he has been charged, together with the possible defenses thereto, and has discussed them with his attorney.  The defendant understands that in order to prove him guilty of the charge of distribution of cocaine base/crack, the government must prove each of the following elements beyond a reasonable doubt:

///

///

1      First, the defendant knowingly delivered cocaine base/crack

2   to another person; and

3      Second, the defendant knew it was cocaine base/crack or some

4   other prohibited drug.

5      The defendant understands that before a term of imprisonment

6   of more than twenty years could be imposed for the offense of

7   distribution of cocaine base/crack, the government must prove

8   each of the following facts beyond a reasonable doubt:

9      That the offense involved the actual distribution of five

10  (5) or more grams of a mixture or substance containing cocaine

11  base/crack.

    3.   Agreements by the Defendant.

12        (a) The defendant agrees that this plea agreement shall

13  be filed with the court and become a part of the record of the

14  case.

15        (b) The defendant agrees to enter a plea of guilty to

16  Count Two of the Indictment and to admit that the offense

17  involved the actual distribution of five (5) or more grams of a

18  mixture or substance containing cocaine base/crack.

19        (c) The defendant hereby advises the Court that this

20  agreement is a consolidated disposition with co-defendant Juana

21  Atunez.  The defendant has not been threatened or coerced by any

22  other person, including the co-defendant, and enters this

23  agreement of his own accord.

24

25

1    (d) Defendant Navarro acknowledges the benefits he has

2  received pursuant to the plea disposition set forth in this

3  memorandum and his guilt of the offenses to which he is pleading

4  guilty.  Defendant Navarro hereby waives all rights to contest

5  the means by which his plea of guilty will be entered before the

6  District Court.  This waiver includes, but is not limited to, any

7  claim, whether in District Court or in appellate proceedings and

8  on direct appeal or in any form of collateral attack, including

9  but not limited to any proceedings pursuant to 28 U.S.C. §§ 2255

10  or 2241 or any writ, that the dictates of Federal Rule of

11  Criminal Procedure 11, or any successor Rules, legislation or

12  case authority, were not followed in the entry of defendant

13  Navarro' guilty plea.  Defendant Navarro also hereby waives any

14  right to appeal his sentence, directly or in any form of

15  collateral attack, including but not limited to any proceedings

16  pursuant to 28 U.S.C. §§ 2255 or 2241 or any writ, provided that

17  the sentencing court accepts the stipulations between the parties

18  and follows the recommendations of the government as set forth

19  below.

20    (e)   The defendant acknowledges that as a consequence

21  of his guilty plea in this case he will become ineligible for (1)

22  assistance under any State program funded under part A of title

23  IV of the Social Security Act [42 U.S.C. § 601 et seq.], (2)

24  ineligible for benefits under the food stamp program (as defined

25  in section 3h of the Food Stamp Act) [7 U.S.C. § 2012(h)] and (3)

ineligible for any State program carried out under the Food Stamp

1  Act of 1977 [7 U.S.C. § 2011 et seq.]; all pursuant to 21 U.S.C.

2  862a.  The defendant further acknowledges that as a consequence

3  of his guilty plea in this case he may become permanently

4  ineligible for any or all Federal benefits.

5          (f) The defendant hereby acknowledges that adverse

6  immigration consequences, including but not limited to removal

7  from the United States, exclusion from admission into the United

8  States, and/or denial of naturalization in the United States, may

9  result from this plea.

10          (g)  The defendant hereby acknowledges and agrees that

11  any offense level determination, specific offense characteristic

12  and criminal history category as determined pursuant to the

13  Guidelines could change based upon investigation by the United

14  States Probation Office.  It is possible that factors unknown or

15  unforseen by the defendant or the government may be considered in

16  determining the offense level, specific offense characteristics

17  and Guideline range.  The defendant also acknowledges that the

18  United States Probation Office may also interpret facts or legal

19  matters differently than the defendant or the government

20  resulting in differences in the offense level, specific offense

21  characteristics and Guideline range.  Neither the use of unknown

22  or unforseen factors, nor the interpretation of known facts or

23  law in an different manner than anticipated, will provide the

24  defendant with the right to withdraw his guilty plea.

25          The defendant acknowledges and agrees that the court is not

26  bound by any of the stipulations of the parties nor by the

1 government's sentencing recommendations, and that it may elect

2 not to follow some or all of them.  In no event, will the

3 defendant be allowed to withdraw his plea.

4          4.  Agreements by the Government.

5          (a) The government agrees to recommend a three-level

6 decrease in the defendant's offense level for acceptance of

7 responsibility pursuant to Guideline Section 3E1.1(b)(2).

8          (b) The government agrees to recommend a sentence at

   the bottom of the applicable sentencing guideline range.

9          (c) The government agrees to move to dismiss the

10 remaining counts in the Superseding Indictment against this

11 defendant and co-defendant Juana Atunez only following the

12 defendant and co-defendant Atunez' sentencings pursuant to this

13 consolidated plea agreement.

14      5. Joint Agreements.

15      (a) The government and the defendant stipulate and agree

16 that the drug quantity attributable to defendant Navarro is the

17 cocaine base/crack obtained by investigators in this case on

18 March 19, 2007; more specifically DEA Exhibits 6 and 7

19 respectively consisting of 33.9 grams and 6.5 grams for a total

20 weight of 40.4 grams of a mixture or substance containing cocaine

21 base/crack.

22

23

24

25

1      6.   Factual Basis.

2      The defendant will plead guilty because he is in fact guilty

3  of the crimes set forth in Count Two of the Superseding

4  Indictment, Cr. F. 1: 07-074 LJO.   The defendant also agrees that

5  his guilty plea will be based upon the following facts, although

6  he acknowledges that, as to other facts, the parties may

7  disagree:

8              On May 19, 2007, the City of Fresno, State and Eastern
             District of California, defendant Juan Navarro and Jose
             Meza intentionally delivered cocaine base/crack to
9            another person.   At all relevant times, defendant
             Navarro and his co-defendant Meza both knew that
10           cocaine base/crack was being delivered and knew that
             cocaine base/crack is a controlled substance.

11     7.   Potential Sentence.

12     The defendant understands that the Court must consult the

13 Federal Sentencing Guidelines and must take them into account

14 when determining his sentence.   Defendant understands that the

15 Court will determine a non-binding, advisory guideline sentencing

16 range for this case pursuant to the Sentencing Guidelines.

17 Defendant further understands that the Court will consider

18 whether there is a basis for departure from the guideline

19 sentencing range (either above or below the guideline sentencing

20 range) because there exists an aggravating or mitigating

21 circumstance of a kind, or to a degree, not adequately taken into

22 consideration by the Sentencing Commission in formulating the

23 Guidelines.   Defendant further understands that the Court, after

24 consideration of the Sentencing Guidelines, must impose a

25

1  sentence that is reasonable in light of the factors set forth in

2  18 U.S.C. § 3553(a).  The following is the maximum potential

3  sentence which the defendant faces:

4      Count Two: Distribution of cocaine base/crack, including an

5  admission that the offense involved five (5) grams or more of a

6  mixture or substance containing cocaine base/crack:

7              (a)  Imprisonment.

               Mandatory Minimum: Five (5) Years.

8              Maximum: Forty (40) years.

9              (b)  Fine.

10             Mandatory Minimum:  None.

11             Maximum: Two Million Dollars ($4,000,000).

12             (c)  Both such fine and imprisonment.

13             (d)  Term of Supervised Release.

14             Mandatory Minimum: Four (4) years.

15             Maximum:  Life.

16             (Should the defendant violate any of the terms of
               his supervised release, he can be returned to
17             prison for the lesser of the term of supervised
               release actually imposed by the Court or three (3)
18             years).

19             (e) Penalty Assessment.

20             Mandatory: One Hundred Dollars ($100).

21

22

23

24

25

8.   Waiver of Rights.

The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)   If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b)   If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random.  The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c)   If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

9

1      (d)   At a trial, whether by a jury or a judge, the

2 government would be required to present its witnesses and other

3 evidence against the defendant.   The defendant would be able to

4 confront those government witnesses and his attorney would be

5 able to cross-examine them.   In turn, the defendant could present

6 witnesses and other evidence on his own behalf.   If the witnesses

7 for the defendant would not appear voluntarily, he could require

8 their attendance through the subpoena power of the Court.

9      (e)   At a trial, the defendant would have a privilege

10 against self-incrimination so that he could decline to testify,

11 and no inference of guilt could be drawn from this refusal to

12 testify.   However, if he chose to do so, the defendant could

    testify in his own defense.

13      (f)   The defendant understands that by pleading guilty he is

14 waiving all of the rights set forth above and the defendant's

15 attorney has explained those rights to him and the consequences

16 of his waiver of those rights.

17      (g) The defendant understands that he has a right to counsel

18 throughout this case from his initial appearance through his

19 trial or guilty plea or dismissal of the case against him and

20 through and including any sentencing.   Unless waived in this

21 agreement, the defendant has a right to counsel for a direct

22 appeal in this case.   The defendant understands that the right to

23 counsel includes the provision of defense counsel through the

24 court if the defendant can not afford to hire counsel.

25

1    9.   Questions by Court.

2        The defendant understands that if the court questions him

3    under oath, on the record and in the presence of counsel, about

4    the offense to which he has pleaded guilty, his answers, if

5    false, may later be used against him in a prosecution for perjury

6    or false statement.

7        10.   Entire Agreement.

8        The defendant and his attorney acknowledge that no threats,

     promises or representations have been made, nor agreement

9    reached, other than those set forth in this Agreement to induce

10   defendant to plead guilty.

11       11.   Court not a Party.

12       It is understood by the parties that the sentencing Court is

13   neither a party to nor bound by this agreement and the sentencing

14   judge is free to impose the maximum penalties as set forth in

15   paragraph 7.

16       12.   Presentence Report.

17       The defendant understands that the United States Probation

18   Office is not a party to this agreement and will conduct an

19   independent investigation of the defendant's activities and his

20   background and prepare a presentence report which it will submit

21   to the court as its own sentencing recommendation.   In addition,

22   the government will fully apprise the Probation Office, as well

23   as the court, of the full and true nature, scope and extent of

24

25

1  the defendant's criminal activities concerning the charge to

2  which the defendant is entering a guilty plea.

3  October 1/3, 2008                    McGREGOR W. SCOTT
                                        United States Attorney
4
                                  By:   _____
5                                       KEVIN P. ROONEY
                                        Assistant U.S. Attorney
6

7
   October 1/2, 2008                    _Juan navarro_____
8                                       JUAN NAVARRO
                                        Defendant
9

10 October 1/2, 2008                    _____
11                                      MICHAEL IDIART
                                        Attorney for Defendant
12                                      Juan Navarro

13

14  1/2/08  Angie Kirsten
15          ANGIE KIRSTEN   (559) 213-3306
            P.O. BOX 14015
16          Pinedale, CA 93650   (interpreter)

17

18

19

20

21

22

23

24

25

                                   12