# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 07-074 LJO |
| Plaintiff, | **ORDER TO CONTINUE MOTION TO REDUCE SENTENCE** |
| vs. | |
| JUAN NAVARRO, | |
| Defendant. | |

Defendant Juan Navarro ("defendant") filed the instant motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) on August 10, 2010. The basis for defendant's motion is the Fair Sentencing Act (the "FSA")[1] and the emergency, temporary amendments to the United States Sentencing Guidelines (the "guidelines") promulgated to implement the FSA.[2] On August 15, 2008, defendant was sentenced to 88 months in custody and 60 months supervised release for violation of 28 U.S.C. §841(a)(1) – distribution of a controlled substance, cocaine base/crack. Defendant asserts that the amendments to the guidelines should be read retroactively, and that, consequently, his sentence should be reduced pursuant to 18 U.S.C. §3582(c)(2).

The hearing on the motion was originally set for September 9, 2010. That hearing was continued

---

[1] Pub. L. No. 111-220. Effective date: August 3, 2010.

[2] Published October 18, 2010. Effective date: November 1, 2010.

1

until March 4, 2011 because while the FSA itself cannot be applied retroactively under *United States v. Hall*, 2010 WL 4561363 *3 (9th Cir. 2010) and 1 U.S.C. §109[3], the amendments to the guidelines are silent as to their own retroactive application. As such, this Court set a new hearing date of March 4, 2011 to give the United States Sentencing Commission (the "USSC") time to consider the retroactivity issue and to promulgate appropriate permanent guidelines.

The USSC continues to consider whether the temporary, emergency amendment should be made permanent and whether it should be given retroactive effect. 76 Fed. Reg. 3193, 3193 (Jan. 19, 2011). Most recently, on January 28, 2011, the USSC published a memorandum regarding its "Analysis of the Impact of Amendment to the Statutory Penalties for Crack Cocaine Offenses Made by the Fair Sentencing Act of 2010 and Corresponding Proposed Permanent Guideline Amendment if the Guideline Amendment Were Applied Retroactively." Given the recent publication of that memorandum, the USSC is still seeking public comment on the issue. 76 Fed. Reg. 3193. The comment period is set to conclude on March 21, 2011. *Id.* After the conclusion of the comment period, at a time to be determined, the USSC intends to hold a formal hearing on the subject and to publish recommendations based on the comments and hearing. *Id.* at 3194.

Because the USSC has not yet determined the issue of retroactivity, this Court CONTINUES March 4, 2011 hearing to June 17, 2011.

IT IS SO ORDERED.

**Dated:     February 10, 2011**          /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

---

[3] Every appellate court that has reviewed the subject has reached the same conclusion. *See United States v. Diaz*, 2010 WL 5094222 at *1 (2d Cir.); *United States v. Reevey*, 2010 WL 5078239 * at 4 (3d Cir.); *United States v. Wilson*, 2010 WL 4561381 at *2 (4th Cir.); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010); *United States v. Brewster*, 624 F.3d 900, 909 (8th Cir. 2010); *United States v. Hall*, 2010 WL 4561363 *3 (9th Cir.); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).