IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 07-074 LJO |
| Plaintiff, | **ORDER ON MOTION TO REDUCE SENTENCE** |
| vs. | |
| JUAN NAVARRO, | |
| Defendant. / | |

**Background**

Defendant Juan Navarro ("defendant") filed the instant motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) on August 10, 2010. The basis for defendant's motion is the Fair Sentencing Act (the "FSA"), Pub. L. No. 111-220, and the emergency, temporary amendments to the United States Sentencing Guidelines (the "guidelines") promulgated to implement the FSA. On August 15, 2008, defendant was sentenced to 88 months in custody and 60 months supervised release for violation of 28 U.S.C. §841(a)(1) – distribution of a controlled substance, cocaine base/crack. Defendant asserts that the amendments to the guidelines should be read retroactively, and that, consequently, his sentence should be reduced pursuant to 18 U.S.C. §3582(c)(2).

The hearing on the motion was originally set for September 9, 2010. That hearing was continued until June 17, 2011 to allow either the appellate court or the United States Sentencing Commission ("USSC") to determine whether the FSA shall apply retroactively to defendant's sentence. This Court found this motion suitable for a decision without a hearing, vacated the June 17, 2011 hearing, and issues the following order.

**FSA**

Defendant moves to reduce his sentence based on the FSA. The Ninth Circuit Court of Appeals recently held that the General Savings Statute, 1 U.S.C. §109, prevents retroactive application of the FSA. *United States v. Baptist*, – F.3d. –, 2011 WL 2150993 (9th Cir. 2011). That is, the General

Savings Statute precludes this Court from reducing defendant's sentence pursuant to the FSA, because he was sentenced prior to the enactment of the FSA. Accordingly, to the extent that defendant moves this Court to reduce his sentence pursuant to the FSA, that motion is DENIED.

### **Amendment to the Sentencing Guidelines**

Defendants also moves to reduce his sentence pursuant to the amendment to the sentencing guidelines. The emergency amendments to the sentencing guidelines are silent on the issue of retroactivity. The USSC continues to consider whether the temporary, emergency amendment should be made permanent and whether it should be given retroactive effect. 76 Fed. Reg. 3193, 3193 (Jan. 19, 2011). The USSC final sentencing guidelines amendments shall not become permanent until November 11, 2011.

Because the USSC has not yet determined the issue of retroactivity, defendant's motion to reduce his sentence based on the amendments is not ripe. "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *National Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807-08 (2003) (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)). The USSC has not yet determined whether the amendment to the sentencing guidelines shall apply retroactively, the amendments are not ripe for review. Accordingly, this Court must DENY defendant's motion without prejudice. Defendant may re-file his motion if the USSC, in enacting the final sentencing guideline amendments in November 2011, determines that the amendment applies retroactively.

IT IS SO ORDERED.

**Dated:   June 22, 2011**                            /s/ Lawrence J. O'Neill
                                                     UNITED STATES DISTRICT JUDGE